NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 26 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ADALBERTO CRUZ PENA,<br><br>             Petitioner,<br><br>    v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>             Respondent. | No.    15-73897<br><br>Agency No. A087-991-529<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019[**]

Before:    THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Alberto Cruz Pena, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing Pena's appeal from

an immigration judge's decision denying Cruz Pena's application for asylum,

withholding of removal, and protection under the Convention Against Torture

("CAT").  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review de novo

---

        [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We deny in part and dismiss in part the petition for review.

The BIA did not err in finding that Cruz Pena's proposed social group of "returning repatriated Mexicans who have previously resided in the United States" was not cognizable. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Barbosa v. Barr*, 926 F.3d 1053, 1059-60 (9th Cir. 2019) (finding that individuals returning to Mexico from the United States who are believed to be wealthy does not constitute a particular social group). Thus, Cruz Pena's withholding of removal claim fails.

We lack jurisdiction to consider Cruz Pena's claim that he is a member of a particular social group defined in part by his age, because Cruz Pena did not exhaust this claim before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

15-73897

Cruz Pena does not challenge the agency determinations that his asylum application was untimely or that he is ineligible for CAT relief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**